**Linda SLATER**

v.

**Richard E. MARSHALL and Montgomery County Community College.**

**Civil Action No. 94–6382.**

United States District Court,
E.D. Pennsylvania.

Feb. 21, 1996.

Philip Matthew Stinson, Sr., Bochetto & Lentz, Philadelphia, PA, for Plaintiff.

Michael Brodie, Brodie & Rubinsky, Philadelphia, PA, for Richard E. Marshall.

Wendy C. Rothstein, Pearlstein/Salkin Associates, Lansdale, PA, Michael I. Levin, Deborah J. Nathan, Michael I. Levin & Associates, Willow Grove, PA, for Montgomery Co. Community College.

## MEMORANDUM

JOYNER, District Judge.

Defendant Richard E. Marshall has brought a counterclaim against Plaintiff Linda L. Slater and Counterclaim Defendant Andrew Meccariello. Counterclaim Count Two alleges that Slater and Meccariello conspired to falsely accuse Marshall of stalking Slater and to have Marshall falsely arrested on that accusation. Counterclaim Count III

alleges that Slater and Meccariello violated 42 U.S.C. § 1985(2).

Slater and Meccariello have filed a Motion to Dismiss pursuant to Rule 12(b)(6). However, in support of this Motion, they cite to evidence outside the pleadings. In response, Marshall supports his claims with evidence outside the pleadings. For this reason, we shall treat the Motion to Dismiss as one for Summary Judgment under Rule 56. Fed. R.Civ.P. 12(b).

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

### 1. Count Two: Civil Conspiracy

Slater and Meccariello contend that Marshall cannot show the elements of a civil conspiracy. They cite the elements of such a claim as: two or more persons combining or agreeing with intent to do an unlawful act or to do an otherwise lawful act by unlawful means, with an unjustified intent to injure, and some overt act taken in furtherance of the common purpose or design. *In re Asbes-tos School Litig.*, 46 F.3d 1284, 1292 (3d Cir.1994); *Rutherfoord v. Presbyterian–University Hosp.*, 417 Pa.Super. 316, 333, 612 A.2d 500, 508 (1992); *Baker v. Rangos*, 229 Pa.Super. 333, 351, 324 A.2d 498, 506 (1974).

First, Slater and Meccariello maintain that there was no unlawfulness to their acts because Slater reasonably believed that Marshall was stalking her and so any acts they took were to protect Slater, not to entrap Marshall. Second, they assert that Marshall suffered no injury by their actions. Finally, they declare that there were no overt acts in furtherance of any alleged conspiracy. These arguments are supported with deposition testimony.

In response, Marshall presents evidence that Slater and Meccariello did not believe that Marshall was stalking Slater, but made that accusation in order to extort money from Marshall. Further, Marshall presents evidence that Slater and Meccariello took overt acts to further their conspiracy by appearing at the location where the alleged entrapment was to occur, also by going to the police with their accusations and by their attorney sending Marshall a letter offering to drop the charges in exchange for money. These acts allegedly caused Marshall emotional harm, which constitutes legal injury.

Based on the conflicting evidence presented, we find a genuine issue of material fact as to the elements of civil conspiracy, and so deny Slater and Meccariello's Motion to Dismiss, converted into a Motion for Summary Judgment, with respect to Count II.

### 2. Count III: 42 U.S.C. § 1985(2)

42 U.S.C. § 1985(2) prohibits conspiracies to intimidate witnesses. Elements of a claim are: "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1206 (3d Cir.1988).

Slater and Meccariello contend that Marshall cannot prevail because a claim does not stand until it can be shown that the litigant was hampered in being able to present an

effective case. *Id.* at 1207. They present evidence that Marshall has had the opportunity to fully depose Morton, the allegedly intimidated witness. Second, they assert that the Counterclaim does not tie Slater and Meccariello to the alleged witness intimidation. Finally, they declare that Marshall does not plead any damages for this alleged violation.

In response, Marshall argues that his ability to present his case has likely been affected due to Slater and Meccariello's actions. He points to his affidavit, wherein he avers that Morton expressed reluctance to continue as a witness in this matter as a result of the alleged witness intimidation. Second, he argues that the opportunity to fully depose Morton prior to any intimidation is not the same as Morton fully testifying at trial, free of intimidation. Third, Marshall points to paragraph 17 of his Amended Counterclaim, which plainly alleges that Slater and Meccariello combined together to deter Morton from further testifying in this action. Finally, Marshall alleges that he has suffered legal damages in that his ability to present his case is likely affected.

We find that Marshall cannot plead a cause of action under 42 U.S.C. § 1985(2). The alleged intimidation has admittedly had no effect on Morton's deposition testimony, because it did not begin until after he was deposed. There are no allegations that the alleged intimidation has affected any other pre-trial activities. *Malley–Duff & Assoc. v. Crown Life Ins. Co.*, 792 F.2d 341, 355–56 (3d Cir.1986), *aff'd in part*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). With respect to the alleged intimidation affecting Morton's or any other witness's testimony at trial, this has not yet occurred. There is no claim until there is an injury. *Rode*, 845 F.2d at 1207. Our ruling, of course, would not preclude a later action based on this statute. Accordingly, we must dismiss Count Three for failure to state a claim.